# United States Court of Appeals
## For the First Circuit

No. 08-2336

SELVIN ASAEL MEJILLA-ROMERO,

Petitioner,

v.

ERIC H. HOLDER, JR., ATTORNEY GENERAL,

Respondent.

Before

Lynch, Chief Judge,
Selya and Stahl, Circuit Judges.

**ORDER OF COURT**
**Entered:  August 6, 2010**

On April 6, 2010, a panel of this court, with one judge dissenting, issued a decision denying the petition for review.  Mejilla-Romero v. Holder, 600 F.3d 63 (1st Cir. 2010).

Thereafter petitioner sought panel and en banc rehearing, arguing, inter alia, that the Board of Immigration Appeals ("BIA") decision had not complied with the Department of Homeland Security's Guidelines for Children's Asylum Claims (1998) and the Guidelines for Immigration Court Cases Involving Unaccompanied Alien Children (2004).  These Guidelines in turn are informed by the United Nations High Commissioner for Refugees's ("UNHCR") Guidelines on Policies and Procedures in Dealing with Unaccompanied Minors Seeking Asylum (1997), and decisions based on those guidelines.  Petitioner was supported by two briefs amici curiae from (1) the UNHCR and (2) the Center for Gender & Refugee Studies, Immigrant Child Advocacy Project, National Immigrant Justice Center, Tahirih Justice Center, Professor Deborah Anker, Professor Rebecca Sharpless, and Professor David B. Thronson.  The respondent has opposed rehearing.

Petitioner raised arguments regarding the Guidelines' child-sensitive approach in his brief

to the BIA and in his Memorandum of Law to the Immigration Judge ("IJ").  However, neither the BIA nor the IJ explicitly addressed the arguments in their decisions.  That was one of the main arguments presented in the petition for rehearing.  Petitioner also claimed that because of the failure to follow the Guidelines the evidence submitted in support of his asylum claim was not properly considered.  Since petitioner's claims may implicate important issues of law and policy, we are of the view that these arguments should be considered by the administrative courts in the first instance.

Accordingly, we vacate both the panel opinion and the BIA's decision and we remand this case to the BIA.  The BIA should undertake de novo consideration of petitioner's arguments and re-evaluate the record in their light.  The parties should be given an opportunity for further briefing on these issues, including briefing with further specificity which guidelines are claimed to have been transgressed.  The BIA should also consider a remand to an IJ, in order that the IJ can evaluate the testimony and supporting evidence in light of the Guidelines' standards regarding child asylum seekers.

The clerk of court shall provide to the BIA a copy of all filings as to the petition for rehearing.  We do not retain jurisdiction and anticipate that the BIA and/or the IJ will issue a new decision.

So ordered.

cc:
Nancy Jean Kelly
John Edward Willshire
LaTia N. Bing
John W. Blakeley
William Clark Minick
Carmel Aileen Morgan
Deborah Anker
Eunice Lee
Kaitlin Kalna Darwal
Pamela R. Goldberg
Katie S. Hyman
Steven H. Schulman
Michael C. Small